Filed 12/11/14 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RICK ALLEN WALKER,<br><br>    Defendant and Appellant. | B254183<br><br>(Los Angeles County<br>Super. Ct. No. PA077278)<br><br>ORDER MODIFYING OPINION<br>NO CHANGE IN JUDGMENT |

THE COURT:

It is ordered that the opinion filed herein on November 26, 2014, be modified as follows:

1. On page 4, line 4 of the last paragraph, the words "instance[s] of drunk driving" are to changed to "instances of driving under the influence" and the quotation marks are deleted so that the sentence reads:

> In this situation, our Supreme Court has said that the number of distinct violations of Vehicle Code section 23153 turns on the number of instances of driving under the influence—which is assessed by examining what happened in the underlying accident.

2. On page 5, line 3 of the first paragraph, the words "drunk driving" are changed to "driving under the influence" so the sentence reads:

> But where the driver "collides with the first car and then voluntarily drives further and collides with a second car," there are multiple "instances" of driving under the influence and multiple violations.

3.  On page 5, line 1 of the second full paragraph, the words "drunk driving" are changed to "driving under the influence" so the sentence reads:

> Because there was only one instance of driving under the influence—and because Defendant entered a plea to that instance—the losses suffered by any of the persons in the vehicles involved in that instance are losses arising out of "the criminal conduct for which the defendant has been convicted."

4.  On page 5, line 3 of the last paragraph, the words "drunk driving" are changed to "driving under the influence" so the sentence reads:

> That section authorizes the imposition of additional prison time for each additional victim (up to three) injured by the driving under the influence.

There is no change in the judgment.

**CERTIFIED FOR PUBLICATION.**

Filed 11/26/14 (unmodified version)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RICK ALLEN WALKER,<br><br>    Defendant and Appellant. | B254183<br><br>(Los Angeles County<br>Super. Ct. No. PA077278) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Michael J. O'Gara, Judge.  Affirmed as modified.

Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Assistant Attorney General, Zee Rodriguez and Mary Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Can a criminal defendant sentenced to prison for driving under the influence (DUI) causing injury, when multiple injuries arise out of a single incident, be ordered to pay restitution to victims injured in that incident who are not named in the charging document? The answer is yes, and we modify but affirm the judgment, and affirm the restitution order.

## FACTUAL AND PROCEDURAL BACKGROUND

Rick Allen Walker (Defendant) drove his pick-up truck the wrong way on the 14 Freeway. He hit eight different vehicles, which were carrying a total of nine passengers. Defendant had consumed alcohol and methamphetamine.

The People charged Defendant with four counts of DUI causing injury (Veh. Code, § 23153, subd. (a)), and those counts named four of the nine people he hit. The People also specifically alleged that Defendant proximately caused injury to those four victims. (Veh. Code, § 23558.) Prior to the preliminary hearing, Defendant pled no contest to all four counts and admitted the special allegation. The trial court sentenced Defendant to six years in state prison, comprised of three years on count one and three consecutive years for the multiple injury enhancement. The court stayed the remaining three counts under Penal Code section 654.[1]

The court ordered Defendant to pay restitution to four persons--two who had been named in the charging document (Fernando Lopez and David Becker) and two who had not been named but whom Defendant conceded were involved in the accident he caused (Richard Pauley and Myisha Hatfield).

Defendant appeals the restitution order and the portion of the judgment staying the last three counts of DUI causing injury.

## DISCUSSION

### I.      Restitution

In California, crime victims have a constitutional right to seek restitution for "the losses they suffer" from the defendant who inflicted those losses. (Cal. Const., art. I,

---

[1]      All further statutory references are to the Penal Code unless otherwise indicated.

2

§ 28, subd. (b)(13).) To effectuate this right, the Legislature requires courts to order that "the defendant make restitution to the victim or victims" "in every case in which a victim has suffered economic loss *as a result of the defendant's conduct.*" (§ 1202.4, subd. (f), italics added; § 1202.4, subd. (a)(3)(B); accord, *People v. Giordano* (2007) 42 Cal.4th 644, 655-656 (*Giordano*).)

The scope of the court's duty--and power--to order restitution turns on whether the court imposes judgment or instead places the defendant on probation. When judgment is imposed and the defendant sentenced to a period of incarceration (in prison or jail), the court may only order restitution for losses arising out of the "criminal conduct for which the defendant has been convicted." (*People v. Lai* (2006) 138 Cal.App.4th 1227, 1247 (*Lai*); *People v. Woods* (2008) 161 Cal.App.4th 1045, 1049 (*Woods*) [limiting restitution in this context "to those losses arising out of the criminal activity that formed the basis of the conviction"]; *People v. Percelle* (2005) 126 Cal.App.4th 164, 179-180 (*Percelle*) [same].) This result is dictated by the language of section 1202.4, which looks to "the defendant's *conduct*" and by the unfairness that would result if a defendant were held responsible for losses caused by conduct underlying charges that were dismissed or of which he was acquitted. (*People v. Snow* (2012) 205 Cal.App.4th 932, 938; accord, *People v. Harvey* (1979) 25 Cal.3d 754, 757-758 [noting unfairness and impropriety of enhancing a sentence using facts underlying dismissed counts].)

When a defendant is placed on probation, courts have a much freer hand to impose restitution as a condition of probation. (*Giordano, supra*, 42 Cal.4th at pp. 651-652; § 1203.1, subd. (a)(3) [court may, as a condition of probation, "provide for restitution in proper cases"].) As long as the restitution imposed is "'reasonably related to the crime of which the defendant was convicted or to future criminality,'" it may be imposed as a condition of probation--"even when the loss was not necessarily caused by the criminal conduct underlying the conviction." (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1121, quoting *People v. Lent* (1975) 15 Cal.3d 481, 486; *Woods, supra*, 161 Cal.App.4th at p. 1050 [same]; *Percelle, supra*, 126 Cal.App.4th at p. 179.) This greater latitude to impose restitution arises from the purpose of probation to foster rehabilitation (*Carbajal,*

3

*supra*, 10 Cal.4th at pp. 1120-1121) as well as from the defendant's consensual decision to forgo imprisonment in favor of probation and its potentially more onerous conditions (*Percelle, supra*, 126 Cal.App.4th at p. 180).

Defendant argues that the trial court's power to impose restitution was limited because he was sentenced to prison, and that the court exceeded that power by imposing restitution for crimes of which he was not convicted. Assessing this argument requires us to understand the conduct of which he stands convicted, which turns on what conduct is encompassed by the crime of DUI causing injury. This is a question of law, which we review de novo. (*People v. Martinez* (2014) 226 Cal.App.4th 759, 765.)

The elements of DUI causing injury are "(1) driving a vehicle while under the influence of an alcohol beverage [or drug]; (2) when so driving, committing some act which violates the law or fails to perform some duty required by law; and (3) as a proximate result of such violation of law or failure to perform a duty, another person was injured." (*People v. Verlinde* (2002) 100 Cal.App.4th 1146, 1159-1160.) The first two elements define the *conduct* prohibited by this offense, while the third element sets forth the required *consequence* of that conduct; the third element is accordingly not part of the "actus reus" of that crime. (*Wilkoff v. Superior Court* (1985) 38 Cal.3d 345, 352 (*Wilkoff*) ["[t]he act prohibited by [Vehicle Code] section 23153 is the . . . driving [of] a vehicle while intoxicated and, when so driving, violating any law relating to the driving of [the] vehicle"]; see also *People v. Canty* (2004) 32 Cal.4th 1266, 1279 ["The gravamen of driving while under the influence is *driving* despite an impairment of capacity."].)

The inquiry into the conduct encompassed by a DUI with injury conviction becomes more complicated where, as here, more than one person is injured. In this situation, our Supreme Court has said that the number of distinct violations of Vehicle Code section 23153 turns on the number of "instance[s] of drunk driving"--which is assessed by examining what happened in the underlying accident. (*Wilkoff, supra*, 38 Cal.3d at p. 349.) Where the driver "collides with one car and is involuntarily propelled into a second car," there is only "one volitional act of driving" and consequently one

4

violation of section 23153. (*Id.* at p. 349, fn. 4.) But where the driver "collides with the first car and then *voluntarily* drives further and collides with a second car," there are multiple "instances" of drunk driving and multiple violations. (*Ibid.*)

In this case, the details of the accident caused by Defendant are a bit murky because there was no preliminary hearing and no trial. However, the prosecutor, the defense attorney, and the trial court all treated the eight-car accident as a single incident. We have no basis to conclude otherwise (and, indeed, no one has asked us to do so).

Because there was only one instance of drunk driving--and because Defendant entered a plea to that instance--the losses suffered by any of the persons in the vehicles involved in that instance are losses arising out of "the criminal conduct for which the defendant has been convicted." (*Lai, supra*, 138 Cal.App.4th at p. 1247.) Whether these potential victims were specifically named in the charging document is irrelevant. Section 1202.4 imposes no such duty to name, and judicially imposing such a duty would make a victim's entitlement to restitution turn on the happenstance of whether the prosecutor located or named that victim before the defendant pled or was convicted. Such absurd results are to be avoided. (*People v. Leiva* (2013) 56 Cal.4th 498, 506-507.)

Defendant resists this conclusion, and points out that Vehicle Code section 23558 requires victims to be named. That section authorizes the imposition of additional prison time for each additional victim (up to three) injured by drunk driving. (Veh. Code, § 23558.) But it is a penalty provision; it does not alter the definition of the underlying crime it enhances. (See *People v. Valenzuela* (1995) 40 Cal.App.4th 358, 361 [multiple-victim enhancement to an offense does not alter definition of what constitutes a completed offense].) More to the point, the enhancement--like the third element of the crime of DUI causing injury--deals with the *result* of a defendant's conduct, not the *conduct itself*. Because, as we note above, the court's power to impose restitution turns on the relationship between the loss and the defendant's criminal conduct, the enhancement is irrelevant to the question before us.

We accordingly hold that a court may impose restitution for all victims of a single incident of DUI causing injury for which the defendant is convicted and sentenced to prison, whether or not those victims are named in the charging document.

## II. Multiple Convictions

Defendant contends that the trial court erred in staying three of the DUI causing injury convictions rather than dismissing them. We agree. *Wilkoff* requires dismissal of multiple convictions of DUI causing injury when they all arise from a single instance of driving. (*Wilkoff, supra*, 38 Cal.3d at p. 349, fn. 4; see also *People v. McFarland* (1989) 47 Cal.3d 798, 802.) As discussed above, there was only one instance of driving in this case. The three duplicative convictions must accordingly be dismissed, not stayed.

**DISPOSITION**

The judgment is ordered modified by vacating the convictions and stayed sentences on counts two, three, and four, for violation of Vehicle Code section 23153, subdivision (a). The clerk of the superior court is directed to forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.

**<u>CERTIFIED FOR PUBLICATION</u>.**

_____, J.
HOFFSTADT

We concur:


_____, P. J.
BOREN


_____, J.
CHAVEZ

6