Filed 8/17/16  P. v. Parrish CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CRISTINA MARIE PARRISH,<br><br>Defendant and Appellant. | C080153<br><br>(Super. Ct. No. CRF-2014-5102-2) |

Defendant Christina Marie Parrish was charged in a consolidated information with two counts of first degree residential burglary (Pen. Code, § 459)[1] and various misdemeanors.  The burglaries were alleged to have occurred on different dates--nearly five months apart--and involved separate victims.  The information also alleged that

---

[1] Further undesignated statutory references are to the Penal Code.

1

defendant had committed a felony while out on bail (§ 12022.1, subd. (b)) and that she had served a prior prison term (§ 667.5).

Defendant pleaded no contest to the two burglary counts and admitted the on bail enhancement. The trial court sentenced her to five years four months in state prison and ordered her to pay $5,597 in restitution to one of her burglary victims; the remaining victim did not request any restitution.

Defendant claims on appeal that the restitution order is insufficient for appellate review, and that the trial court abused its discretion in ordering her to pay restitution for theft when she pleaded no contest only to burglary and neither her admission nor the evidence providing the factual basis for her plea indicated she was responsible for the theft.

We review the order and reverse.

## BACKGROUND

*Preliminary Hearing Testimony*

As relevant to the restitution issue on appeal, the testimony elicited at defendant's preliminary hearing elicited the following facts: On October 10, 2014, the victim left her home at 7:00 a.m. At 11:30 a.m., a witness saw defendant and a man leaving the victim's yard. When the witness approached them, the man fled on a bicycle and defendant fled on foot. There was no testimony that either was seen carrying anything.

West Sacramento Police Officer Lewis Cameron arrived at the victim's home and found the back door open. Outside the house, he found a hair dryer, a computer speaker, a box cutter, a duffel bag full of property, and jewelry. The victim found her home ransacked and several items missing including a television, camera, speakers, external computer hard drive, DVD player, car stereo, additional electronic items, clothes, and jewelry. She noted that her kitchen window was open and the screen was on the ground.

2

The police had already been looking for defendant in an unrelated matter. Once they realized she matched the description of the woman seen leaving the victim's yard, they found her on foot approximately half a mile from the victim's home. There was no testimony that she was seen inside the victim's house or with any of the victim's property at any point.

*Plea, Sentencing, and Restitution Hearing*

Defendant admitted burglarizing the victim's home with the intent to commit theft and stipulated that the preliminary hearing testimony formed the factual basis for her plea. In exchange for defendant's plea, the People agreed to a stipulated term of five years four months in state prison and to move the trial court to dismiss the remaining charges and allegations. The trial court sentenced defendant consistent with the terms of her plea. The court ordered her to pay victim restitution in the burglary at issue but continued the hearing to determine the amount.

On August 5, 2015, the court heard argument on restitution as to the burglary at issue here. Defendant argued she was not liable for any of the victim's losses because there was no evidence she stole or ever even possessed any of the missing items. She also argued that without receipts there was no evidence to support the victim's claimed losses and the victim's "conclusory statement" was not sufficient.

The trial court opined that because defendant "was seen running from the area, there was property from the house that was outside, outside the house," the inference could properly be drawn that the person who had broken into the house had taken the property. Thus, the court concluded, restitution was appropriate but the amount still needed to be determined.

On September 3, 2015, the trial court considered the victim's detailed accounting of her losses and heard final arguments regarding restitution. Defendant again argued there was no evidence connecting her to the missing items. The trial court opined that it was reasonable to infer from the evidence that defendant stole the missing items: the

house was broken into, defendant was inside the house, items were missing from the home, and after being in the house for "some period of time," defendant was seen running from the house.[2]

The court ordered defendant to pay $5,597 in direct victim restitution.

## DISCUSSION

### I

### *Legal Standards*

"[W]e review the trial court's restitution order for abuse of discretion. [Citations.] The abuse of discretion standard is 'deferential,' but it 'is not empty.' [Citation.] '[I]t asks in substance whether the ruling in question "falls outside the bounds of reason" under the applicable law and the relevant facts [citations].' [Citation.] Under this standard, while a trial court has broad discretion to choose a method for calculating the amount of restitution, it must employ a method that is rationally designed to determine the surviving victim's economic loss. To facilitate appellate review of the trial court's restitution order, the trial court must take care to make a record of the restitution hearing, analyze the evidence presented, and make a clear statement of the calculation method used and how that method justifies the amount ordered." (*People v. Giordano* (2007) 42 Cal.4th 644, 663-664, fn. omitted.)

The California Constitution expresses "the unequivocal intention of the People of the State of California that all persons who suffer losses as a result of criminal activity shall have the right to seek and secure restitution from the persons convicted of the

---

[2] The record does not support all of the trial court's findings. The preliminary hearing testimony was that defendant was seen leaving the victim's *yard* empty-handed. There was no evidence that defendant was ever inside the house. As to each burglary count, she was asked only to plead no contest to the allegation that she "did commit a felony, burglary in the first degree, and this was for a dwelling at [address] with the intent to commit theft."

crimes causing the losses they suffer." (Cal. Const., art. I, § 28, subd. (b)(13)(A).) Section 1202.4 implements this right. That statute expresses the Legislature's intent "that a victim of crime who incurs any economic loss as a result of the commission of a crime shall receive restitution directly from a defendant convicted of that crime." (§ 1202.4, subd. (a)(1).) Except in circumstances not relevant here, "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court." (*Id.*, subd. (f).) Accordingly, courts have held that "[w]hen judgment is imposed and the defendant sentenced to a period of incarceration (in prison or jail), the court may order restitution only for losses arising out of the 'criminal conduct for which the defendant has been convicted.' " (*People v. Walker* (2014) 231 Cal.App.4th 1270, 1274.) This stands in contrast to the less stringent standard that applies when the defendant is placed on probation. In those circumstances the restitution imposed must only be " ' "reasonably related to the crime of which the defendant was convicted or to future criminality." ' " (*Ibid.*)

II

*The Restitution Order*

To the extent that defendant argues the order is not reviewable due to confusion over its calculation, we disagree. It is apparent how the court calculated the total amount of restitution: it simply used the final requested amount, which was reached by adding up the items claimed by the victim. This is entirely rational. (*People v. Mearns* (2002) 97 Cal.App.4th 493, 498 [courts "must use a rational method that could reasonably be said to make the victim whole, and may not make an order which is arbitrary or capricious"].)

Defendant's primary contention is that the trial court abused its discretion by ordering restitution for losses that did not arise out of the criminal conduct for which

5

defendant was convicted. The Attorney General responds only that "the restitution order was appropriate since [defendant] pled no contest to a burglary in which the items were taken." Given the record of this particular case, defendant has the better argument.

In order to establish the crime of burglary, the prosecution must prove, as relevant here, an unlawful entry into a residence with the intent to commit a larceny or any felony. (§§ 459, 460, subd. (a); *People v. Allen* (1999) 21 Cal.4th 846, 863, fn. 18.) The crime is complete upon entry into the defined structure with the larcenous intent, regardless of whether any theft takes place. (*Allen,* at p. 863, fn. 18; *In re Matthew A*. (2008) 165 Cal.App.4th 537, 540 ["One may be liable for burglary upon entry with the requisite intent, regardless of whether . . . any felony or theft actually is committed"].)

"[T]he slightest entry by any part of the body or an instrument is sufficient" to establish the requisite entry. (*Magness v. Superior Court* (2012) 54 Cal.4th 270, 273.) Accordingly, a no contest plea to the charge of burglary does not *in and of itself* establish that an admitted burglar committed theft, nor does it establish that the admitted burglar was ever actually inside the home. Additional evidence, whether direct or circumstantial, would be needed to establish that defendant was liable for the theft and vandalism committed inside the home. In this particular case, the evidence does not support the inference that defendant stole or even possessed any of the property for which restitution was ordered. Nor does the evidence show that she ransacked the home, which was the basis for additional restitution.

Defendant admitted only to burglarizing the home with the intent to commit theft. She was apparently on foot at all relevant times, and was never seen with property. She was never seen inside the house. Nor was there any evidence that she was connected to a residence or vehicle, which might have provided circumstantial evidence that she had taken and disposed of the property at issue. There was no evidence or even any allegation that she actually stole items from the victim's home or ransacked it, and she did not admit to doing so in her plea. To the contrary, the factual basis for her plea

6

contradicts any allegation of actual theft, vandalism, or receiving stolen property for the reasons already explained. To label the victim's losses as a result of defendant's crime of conviction would require us to infer without any evidence that defendant committed crimes for which she was not even charged, let alone convicted. This we cannot do. (See *People v. Holmberg* (2011) 195 Cal.App.4th 1310, 1325 [striking restitution award for Ethernet cables where prosecution argued recovery of other stolen computer-related equipment from defendant's home made it reasonable to believe the thief also brought the cables to defendant's home]; cf. *People v. Lai* (2006) 138 Cal.App.4th 1227, 1249 [precluding restitution for loss attributable to welfare aid fraudulently obtained before the charged period].) Thus, the trial court abused its discretion by ordering restitution for losses that did not arise out of the criminal conduct for which defendant was convicted.

## DISPOSITION

The restitution order is reversed. In all other respects, the judgment is affirmed.


/s/
Duarte, J.

We concur:


/s/
Blease, Acting P. J.


/s/
Murray, J.

7