Filed 10/10/22  P. v. Fay CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>DANIELLE ELIZABETH FAY,<br><br>  Defendant and Appellant. | H049727<br>(Santa Clara County<br> Super. Ct. No. C2102058) |

Defendant Danielle Elizabeth Fay appeals from two orders for victim restitution in the total amount of $20,978.29, entered as a condition of probation after she pleaded no contest to one count of using force upon and threatening force against a witness or property of a witness.  (Pen. Code, § 140, subd. (a).)[1]

We appointed counsel to represent Fay in this court.  Her appointed counsel filed an opening brief that states the case and the facts but raises no issues.  Counsel asks this court to conduct an independent review of the record to determine whether there are any arguable issues.  (See *People v. Wende* (1979) 25 Cal.3d 436.)  The clerk of this court mailed a letter to Fay's last known address notifying her of her right to submit written argument on her own behalf.  The letter was returned as undeliverable.  The clerk checked with counsel, who experienced the same problem and was not able to find another address.  Fay did not file any written arguments on her own behalf.

---

[1] Unspecified statutory references are to the Penal Code.

Finding no arguable error that would result in a disposition more favorable to Fay, we affirm the restitution orders.

## I. Factual and Procedural Background

On February 11, 2021, Fay was charged with three counts: (1) felony violation of section 140, subdivision (a), for using force upon and threatening force and violence upon a witness or property of a witness by willfully using force upon the victim because she had provided assistance and information to a law enforcement officer in a criminal proceeding; (2) felony violation of section 664 and section 212.5, subdivision (c), for attempted robbery in the second degree, for attempting to take a cell phone from the victim against her will by means of force and fear; and (3) misdemeanor violation of section 243, subdivision (a), for battery for willfully and unlawfully using force and violence upon the victim.[2]

On April 8, 2021, Fay pleaded no contest to the violation of section 140, subdivision (a), and the other counts were dismissed pursuant to a *Harvey* stipulation.[3]

On June 8, 2021, the trial court sentenced Fay to a year in county jail, modifiable after eight months by the Mental Health Treatment Court, and two years of probation.

The trial court also stated that it would make a general order of victim restitution and set the matter for a hearing. The victim provided documentation in support of a restitution claim for $20,978.29. Of that amount, $8,000 constituted the victim's lost wages, and the balance constituted lost wages of the victim's adult daughter, who was forced to leave her job to take care of the victim.

Fay, through her counsel, submitted objections to the claimed restitution. She argued that the child of an adult victim is not entitled to recover lost wages under section 1202.4, subdivision (f)(3)(D), and that her conduct was not the proximate cause

---

[2] We omit a summary of the underlying facts that led to the charges against Fay, as they are not material to our resolution of this appeal.

[3] *People v. Harvey* (1979) 25 Cal.3d 754.

of the daughter's lost wages. Fay then submitted supplemental objections, in which she acknowledged that, under section 1203.1, the court has discretion to order restitution as a condition of probation even when the losses are not necessarily caused by the criminal conduct underlying the defendant's conviction, but argued that the court should exercise its discretion to deny restitution for the daughter in this instance because it would not serve any of the purposes listed in the statute.

The trial court held the restitution hearing on December 22, 2021. After hearing argument from counsel, the court ordered restitution in the full amount of $20,978.29, finding that section 1202.4 includes an expansive definition of "victim" and noting that the correspondence from the victim's daughter demonstrated she needed to care for the victim.

The trial court entered the restitution orders on December 23, 2021. Fay timely appealed the orders.

## II. Discussion

California crime victims have a constitutional and statutory right to receive full restitution for economic losses suffered as a result of a defendant's criminal conduct. (*People v. Walker* (2014) 231 Cal.App.4th 1270, 1273-1274; Cal. Const., art. I, § 28, subd. (b)(13); § 1202.4, subds. (a)(1), (a)(3)(B), (f).)

When a defendant is placed on probation, restitution is authorized as a condition of probation. (§ 1203.1, subd. (a)(3); *People v. Anderson* (2010) 50 Cal.4th 19, 27.) Trial courts have broad discretion in ordering restitution as a condition of probation under section 1203.1. (*People v. Martinez* (2017) 2 Cal.5th 1093, 1101.)

Pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436, we have reviewed the entire record. We find no arguable error that would result in a disposition more favorable to Fay.

## III. Disposition

The orders are affirmed.

3

_____
     Wilson, J.


WE CONCUR:




_____
  Bamattre-Manoukian, Acting P.J.




_____
    Danner, J.




People v. Fay
H049727