Filed 9/27/16  P. v. Wilson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>PAUL EUGENE WILSON,<br><br>Defendant and Appellant. | C077189<br><br>(Super. Ct. No. CM035750) |

Defendant Paul Eugene Wilson pleaded no contest to second degree burglary. (Pen. Code, § 459.)[1]  The trial court (Lucena, J.) suspended imposition of sentence, placed defendant on three years' formal probation, and ordered him to serve 120 days in the county jail as a condition of probation.

---

[1]    Undesignated statutory references are to the Penal Code.

1

Defendant subsequently admitted to violating his probation, not once, but twice. Following the second violation, the trial court (Howell, J.) declined to reinstate probation and sentenced defendant to the upper term of three years in state prison.

On appeal, defendant contends the trial court abused its discretion in sentencing him to the upper term. We disagree and affirm the judgment.

BACKGROUND

*Offense Conduct*

On January 12, 2012, officers from the Paradise Police Department responded to a report of a burglary of a commercial building on Thomasson Lane. The building was undergoing renovations at the time of the incident.

When police arrived, they found defendant rifling through a pile of tools on the floor. Police also discovered that one of the building's glass doors had been smashed and the interior ransacked.

When contacted by police, defendant claimed he had a legal right to be in the building because he had started a dance studio there. He also claimed that he had acquired the building through his "agent," and was "testing the windows out because he was told they were bulletproof and cost approximately $10,000." Officers conducted a drug abuse recognition evaluation and concluded that defendant was either under the influence of a controlled substance or "coming down" from being under the influence.

While defendant was seated in the backseat of the patrol car, the building owner's son arrived and confirmed that defendant did not have permission to be there.

*Charges and Plea*

On May 1, 2012, an information was filed charging defendant with two counts of second degree commercial burglary (§ 459) and one count of misdemeanor vandalism. (§ 594, subd. (a).) The information further alleged that defendant had served one prior prison term. (§ 667.5, subd. (b).)

On November 29, 2012, defendant entered a negotiated plea of no contest to one count of second degree burglary in exchange for dismissal of the remaining counts and allegations with a *Harvey* waiver (*People v. Harvey* (1979) 25 Cal.3d 754) and dismissal of two trailing misdemeanor cases.[2]

*Initial Sentencing*

Defendant appeared for sentencing on February 28, 2013. In anticipation of the sentencing hearing, the probation department prepared a report noting that defendant had prior convictions dating from 2002, including seven misdemeanors and two felonies.[3] The probation department also noted that defendant had previously been unsuccessful on probation and parole.

The probation department observed that defendant was presumptively ineligible for probation due to his prior felony convictions (§ 1203, subd. (e)(4)) and found no unusual circumstances that would overcome the presumption.

With respect to the recommended sentence, the probation department concluded that defendant's criminal history was a factor in aggravation, noting that "the defendant's prior criminal convictions are numerous, he has served a prior prison term, and his past performance on parole has been less than satisfactory." In mitigation, the probation department observed that "the nature and circumstances of the current offense did not demonstrate sophistication in its commission. The amount of property damage was not significant and little private property was taken during the commission of the instant offense."

---

[2]    Both of the trailing misdemeanor cases were for drug related offenses.
[3]    Defendant's counsel filed a request for judicial notice of supporting material in an attempt to demonstrate the probation report was incorrect and one of the two prior felony convictions was instead a misdemeanor. Issues relating to this alleged error, including allegations of ineffective assistance of counsel for failing to correct the probation report, may be resolved via habeas corpus as was indicated in this court's order denying the request for judicial notice.

On balance, the probation department concluded, "the circumstances in aggravation do not significantly outweigh those in mitigation." Accordingly, the probation department recommended the midterm sentence of two years.

During the sentencing hearing, the trial court (Lucena, J.) acknowledged the probation report, but found unusual circumstances based on the fact that defendant's last felony conviction was approximately 10 years prior. Accordingly, the trial court suspended imposition of sentence, placed defendant on formal probation for three years, and ordered him to serve 120 days in county jail.

*First Violation of Probation; Probation Reinstated*

On March 4, 2014, the probation department filed a petition for violation of probation alleging that defendant failed to report to the probation officer as directed, failed to complete a theft awareness program, and failed to complete an outpatient substance abuse treatment program.

Defendant failed to appear for the March 20, 2014, hearing and a warrant was issued. Later that day, defendant was arrested for public intoxication. (§ 647, subd. (f).) On March 25, 2014, the probation department filed an amended petition alleging new violations based on defendant's failure to appear and public intoxication charge.

Defendant appeared before the court and admitted the violation of probation. The trial court (Lucena, J.) reinstated defendant's probation, subject to a waiver of prior custody credits pursuant to *People v. Johnson* (1978) 82 Cal.App.3d 183, and ordered him to complete an intensive outpatient substance abuse treatment program.

*Second Violation of Probation; Probation Revoked*

On July 7, 2014, officers from the Oroville Police Department responded to a report of a man walking into traffic with no shirt. The officers contacted defendant, who was sitting on a curb with his feet in the roadway. Defendant displayed objective signs of being under the influence of a controlled substance, and acknowledged that he "had taken some pills but did not know what kind." Defendant was arrested for being under the

4

influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)), and violating probation. (§ 1203.2, subd. (a).)

On July 8, 2014, the probation department filed a petition for violation of probation based on the alleged violation of Health and Safety Code section 11550, subdivision (a). Defendant admitted the violation.

*Probation Violation Sentencing*

Defendant appeared for sentencing a second time on August 7, 2014. In anticipation of the second sentencing hearing, the probation department prepared a supplemental report noting that: "The defendant has an extensive criminal history dating back to 2002, wherein he has accrued seven misdemeanor convictions and three felony convictions. The defendant has a history of drug use and has served a prior prison term. Additionally, he has sustained numerous violations on previous grants of probation and parole and his performance is considered unsatisfactory."[4] Accordingly, the probation department recommended that probation be terminated.

During the sentencing hearing, the trial court (Howell, J.) acknowledged the supplemental probation report and stated that its tentative decision was to terminate probation and impose the upper term sentence. Defense counsel reminded the trial court that the probation department originally recommended a midterm sentence, emphasizing that, "those factors that were in place as far as [the] mid term sentence are in place still." Defense counsel also urged the trial court to consider the fact that defendant was using the building involved in the original offense as a shelter as a factor in mitigation.

The trial court then asked defense counsel and the probation officer whether the court could consider defendant's performance on probation in arriving at a sentence. Defense counsel responded that the trial court could not consider defendant's

---

[4] The probation department appears to have included defendant's conviction by plea in the present case in its tally of defendant's felony convictions.

5

performance on probation. The probation officer opined that the trial court "probably" could consider defendant's performance on probation, but added that "[i]t's typically not done."

The trial court then revoked defendant's probation, and denied his application for reinstatement. "In terms of the term," the trial court continued, "I will ignore as a factor his progress on probation. I'm looking simply at the facts of the case, at his prior record. He had two prior felony convictions and he received the benefit of a bargain [in] which a prior prison term was stricken as well as another felony count being dismissed. I do feel that the appropriate term is the upper term and he is sentenced to county prison." Defense counsel did not object to the imposition of the upper term sentence.

Defendant filed a timely notice of appeal.

DISCUSSION

Defendant contends the trial court abused its discretion in imposing the upper term of three years in state prison. Specifically, defendant contends the trial court relied on improper factors to aggravate the sentence. As we explain, defendant forfeited his challenge to the upper term by failing to object in the trial court and, in any event, the challenge lacks merit.

I

*Forfeiture*

Preliminarily, we reject defendant's contention defense counsel objected to the imposition of the upper term during the sentencing hearing. The record establishes the trial court announced its tentative decision to impose the upper term and gave the parties an opportunity to be heard. Although defense counsel argued against the upper term, counsel did not object to any of the factors now challenged. Accordingly, we conclude defendant forfeited his right to challenge the trial court's imposition of the upper term sentence. (*People v. Scott* (1994) 9 Cal.4th 331, 352-353.) We will nevertheless address

6

defendant's challenge because he contends defense counsel's failure to object amounts to ineffective assistance of counsel.

## II

### *Ineffective Assistance of Counsel*

To establish ineffective assistance of counsel, a defendant must show "counsel's action was, objectively considered, both deficient under prevailing professional norms and prejudicial." (*People v. Seaton* (2001) 26 Cal.4th 598, 666, citing *Strickland v. Washington* (1984) 466 U.S. 668, 687 [80 L.Ed.2d 674, 693] (*Strickland*).) "[T]he burden is on the defendant to show (1) defense counsel failed to act in the manner to be expected of reasonably competent attorneys acting as diligent advocates and (2) it is reasonably probable that a more favorable determination would have resulted in the absence of counsel's failings." (*People v. Lewis* (1990) 50 Cal.3d 262, 288; see also *People v. Weaver* (2001) 26 Cal.4th 876, 961.) This means that the defendant "must show both that his counsel's performance was deficient when measured against the standard of a reasonably competent attorney and that counsel's deficient performance resulted in prejudice to [the] defendant in the sense that it 'so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.' [Citations.]" (*People v. Kipp* (1998) 18 Cal.4th 349, 366, quoting *Strickland, supra*, 466 U.S. at p. 686.)

"[T]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' [Citation.]" (*People v. Lucas* (1995) 12 Cal.4th 415, 437, quoting *Strickland, supra*, 466 U.S. at p. 689; see also *People v. Vines* (2011) 51 Cal.4th 830, 876.) The failure of counsel to object to certain evidence is rarely a successful basis for reversal of a conviction on ineffective assistance grounds. (*People v. Boyette* (2002) 29 Cal.4th 381, 424.) Our Supreme Court has explained, if "the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged," we must reject the claim on appeal "unless counsel was asked for an

7

explanation and failed to provide one, or unless there simply could be no satisfactory explanation." (*People v. Pope* (1979) 23 Cal.3d 412, 426, overruled on another ground by *People v. Berryman* (1993) 6 Cal.4th 1048, 1081, fn. 10.)

The "prejudice" element requires a showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been more favorable to defendant, i.e., a probability sufficient to undermine confidence in the outcome." (*In re Ross* (1995) 10 Cal.4th 184, 201.) Prejudice requires a showing of "a ' "demonstrable reality," not simply speculation.' " (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1241.)

The defendant bears the burden of establishing an ineffective assistance claim. (*People v. Lucas, supra*, 12 Cal.4th at p. 436; *People v. Pope, supra*, 23 Cal.3d at p. 425.) "Surmounting *Strickland*'s high bar is never an easy task. [Citation.]" (*Padilla v. Kentucky* (2010) 559 U.S. 356, 371 [176 L.Ed.2d 284, 297].)

A.    *No Deficient Performance*

In evaluating whether there was deficient performance by defense counsel, we must first determine whether the trial court considered improper aggravating factors in imposing the upper term sentence. We conclude that no such error occurred.

Under the current sentencing law, trial courts have "discretion under section 1170, subdivision (b), to select among the lower, middle, and upper terms specified by statute without stating ultimate facts deemed to be aggravating or mitigating under the circumstances and without weighing aggravating and mitigating circumstances. [Citation.] Rather, 'a trial court is free to base an upper term sentence upon any aggravating circumstance that the court deems significant, subject to specific prohibitions.' " (*People v. Jones* (2009) 178 Cal.App.4th 853, 866.) And a single factor in aggravation may justify a trial court's exercise of its sentencing discretion in imposing the upper term. (*People v. Osband* (1996) 13 Cal.4th 622, 730; see also *People v. Black* (2007) 41 Cal.4th 799, 813.) Here, as we shall discuss, two factors in aggravation supported the trial court's decision to impose the upper term sentence.

8

An appellate court, "[a]s an aspect of the presumption that judicial duty is properly performed, . . . presume[s] . . . that the [trial] court knows and applies the correct statutory and case law . . . ." (*People v. Coddington* (2000) 23 Cal.4th 529, 644, overruled on other grounds by *Price v. Superior Court* (2001) 25 Cal.4th 1046, 1069, fn. 13.) This general principle applies to a trial court's sentencing determinations. (See, e.g., *People v. Moran* (1970) 1 Cal.3d 755, 762 [decision to decline to commit adult to the youth authority]; *People v. Quicke* (1964) 61 Cal.2d 155, 159-160 [decision to impose death penalty]; *People v. Hooton* (1959) 53 Cal.2d 85, 88 [determination to impose life sentence].) "Isolated or ambiguous remarks by the trial court do not overcome that presumption. The party attacking the judgment must clearly and affirmatively demonstrate that the trial court relied on improper considerations. [Citation.]" (*People v. Superior Court* (*Du*) (1992) 5 Cal.App.4th 822, 835.)

In imposing the upper term, the trial court stated: "I'm looking simply at the facts of the case, at [defendant's] prior record. *He had two prior felony convictions and he received the benefit of a bargain* [*in*] *which a prior prison term was stricken as well as another felony count being dismissed.*" (Italics added.) Relying on the italicized language, defendant contends the trial court abused its discretion by applying improper aggravating factors. Specifically, defendant contends the trial court improperly relied upon the fact that he had "two prior felony convictions" and entered into a plea agreement with the prosecution. We consider each contention in turn.

Under California Rules of Court, rule 4.421(b)(2),[5] the sentencing court considers whether "[t]he defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness." Relying on *People v. Fernandez* (1990) 226 Cal.App.3d 669, 681, defendant argues the trial court

---

[5] All further rule references are to the California Rules of Court.

abused its discretion because "two felony convictions do not equal 'numerous convictions.' " However, defendant has more than two felony convictions. He also has seven misdemeanor convictions. Although the trial court only mentioned defendant's felony convictions, the court undoubtedly considered defendant's entire record in imposing sentence. Viewed in its entirety, defendant's criminal history amply supports the trial conclusion that his prior convictions were "numerous." (See *People v. Black, supra*, 41 Cal.4th at p. 818 [two felony convictions and three misdemeanor convictions are numerous]; *People v. Searle* (1989) 213 Cal.App.3d 1091, 1098 [three prior convictions are numerous].)

Next, defendant contends the trial court improperly relied upon the existence of his plea agreement as a factor in aggravation. Defendant takes the trial court's comments out of context. Although the trial court mentioned the plea agreement, there is nothing in the record to suggest that the plea agreement played any role in the selection of the upper term sentence. Instead, the trial court appears to have been principally concerned with defendant's prior prison term and dismissed felony count. Reading the trial court's comments in context, we conclude the court was focused on the prior prison term and dismissed felony count, and not the existence of the plea agreement. We note that the trial court was entitled to consider defendant's prior prison term and dismissed felony count by virtue of his *Harvey* waiver, and further note the prior prison term was an appropriate factor in aggravation. (Rule 4.421(b)(3); *People v. Snow* (2012) 205 Cal.App.4th 932, 936-937.) We therefore reject defendant's contention the trial court improperly relied on the existence of the plea agreement to impose the upper term sentence.

Defendant also implies the trial court relied on his performance on probation in imposing the upper term sentence, in violation of rule 4.435. (Rule 4.435(b)(1) ["The length of the sentence must be based on circumstances existing at the time probation was granted, and subsequent events may not be considered in selecting the base term . . ."].)

There is nothing in the record to suggest the trial court considered defendant's performance on probation. To the contrary, the trial court made clear that it was *not* considering defendant's performance on probation. We therefore reject defendant's suggestion the trial court relied on his performance on probation to impose the upper term sentence.

Finally, we reject defendant's contention the trial court "failed to cite any lawful aggravating factor that would justify an upper term sentence." As we discussed, the trial court specifically referenced defendant's "prior record" and "prior prison term," both of which independently justified the imposition of the upper term sentence. We therefore conclude defendant has failed to demonstrate the trial court committed sentencing error. It follows that defendant has also failed to demonstrate that his trial counsel was ineffective in failing to object.

B.     *No Prejudice*

Even assuming, *arguendo,* defendant could show deficient performance, he would still need to show prejudice in order to prevail on his ineffective assistance claim. (*Strickland, supra*, 466 U.S. at p. 687.) This second *Strickland* element requires a showing "it is reasonably probable that a more favorable determination would have resulted in the absence of counsel's failings." (*People v. Lewis, supra*, 50 Cal.3d at p. 288.)

As noted, the trial court began the sentencing hearing by announcing its tentative decision to impose the upper term sentence. The trial court then heard oral argument, during which defense counsel urged the court to follow the probation department's recommendation by imposing the midterm sentence. The trial court also considered and rejected defense counsel's argument that defendant's use of the building as a shelter constituted a factor in mitigation. The trial court then pronounced sentence, adhering to its tentative decision to impose the upper term. In so doing, the trial court identified two factors in aggravation, and none in mitigation. Nothing in the record suggests the trial

11

court was inclined to impose a more favorable sentence, or might have done so, but for defense counsel's failure to object.

From this record, we perceive no reasonable probability defendant would have received a more favorable sentence but for defense counsel's failure to object. Accordingly, even assuming defense counsel's performance was deficient, we conclude defendant has failed to show prejudice.

Having failed to show deficient performance or prejudice, defendant's ineffective assistance claim fails.

DISPOSITION

The judgment is affirmed.


       NICHOLSON     , Acting P. J.


We concur:


       MAURO         , J.


       RENNER       , J.