Filed 9/28/20  P. v. Robertson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C081809 |
| Plaintiff and Respondent, | (Super. Ct. No. CM043266) |
| v. | |
| SHAWN TROY ROBERTSON, | |
| Defendant and Appellant. | |

The People charged defendant Shawn Troy Robertson with being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1))[1] and receiving stolen property with a value in excess of $950 (§ 496, subd. (a)).  Defendant pleaded no contest to the charges and the trial court sentenced him to an aggregate term of eight years involving

---

[1] Undesignated statutory references are to the Penal Code in effect at the time of the charged offenses.

1

this case and two other cases.[2]  The trial court subsequently ordered defendant to pay $10,215 in direct victim restitution to Cal Fire.

On appeal, defendant contends the trial court abused its discretion in ordering him to pay restitution to the California Department of Forestry and Fire Protection (Cal Fire) because although the stolen property was taken during a burglary at Cal Fire, defendant was never charged with that burglary.  In supplemental briefing, he asks that we strike his one-year prior prison term enhancement in light of Senate Bill No. 136 (2019-2020 Reg. Sess.)  (Stats. 2019, ch. 590, § 1 (S.B. 136).)

We affirm the restitution order.  We also decline to strike the prior prison term enhancement because it was imposed in a case that was final before S.B. 136 went into effect and is not before this court on appeal.

### FACTUAL AND PROCEDURAL BACKGROUND

On April 18, 2015, the Cal Fire Openshaw Road Facility (the Cal Fire facility) in Butte County was burglarized.  Three dental lab invoices bearing the name Suzy Vollendroff were found at the Cal Fire facility.  Ms. Vollendroff is defendant's mother. Law enforcement subsequently executed a search warrant on Ms. Vollendroff's home, where defendant resided.

At Ms. Vollendroff's home, law enforcement found Ms. Vollendroff's truck.  The tread from her truck's tires matched the tire marks left at the Cal Fire facility near the opening in the fence, which was cut to facilitate entry by a vehicle.  During the execution of the search warrant, law enforcement found items stolen from the Cal Fire facility near "where [defendant] had been keeping his property[]."  Ms. Vollendroff had an alibi for the day of the burglary, but she said it was possible defendant drove her truck without her knowledge.

---

[2]  This sentence was pursuant to a negotiated disposition involving this case, CM 043266, and two other cases, CM 043269, and CM 042989.

In CM 043266, the People charged defendant with possession of a firearm by a felon (§ 29800, subd. (a)(1)) and receiving stolen property with a value exceeding $950 (§ 496, subd. (a)). He pleaded no contest to both charges and agreed to an eight-year stipulated prison sentence as part of a global resolution with case Nos. CM043269 and CM042989. Charges for which defendant did not plead no contest were dismissed with a *Harvey*[3] waiver.

The trial court sentenced defendant to an aggregate term of eight years in state prison for his felony convictions. The sentence included two eight-month sentences for each of the two felony charges in this case. It also included a one-year prior prison term enhancement under former section 667.5, subdivision (b) on one of his other cases, CM 043269.

At a subsequent restitution hearing, Shannon Garrett, a battalion chief and peace officer for Cal Fire, testified that some of the equipment stolen from the Cal Fire facility was recovered from "multiple locations." The value of the property still missing totaled $10,215.

Following argument from both parties, the trial court ordered defendant to pay direct victim restitution to Cal Fire in the amount of $10,215. The trial court ruled that its order was in "the spirit of the restitution of law."

---

[3] *People v. Harvey* (1979) 25 Cal.3d 754. The plea form executed by defendant included the following *Harvey* waiver language: "Harvey Waiver: I stipulate the sentencing judge may consider my prior criminal history and *the entire factual background of the case*, including *any unfiled*, dismissed or stricken charges or allegations or cases when granting probation, ordering restitution or imposing sentence." (Italics added.) We discuss defendant's *Harvey* waiver, *post*.

3

## DISCUSSION

## I. Restitution

Defendant contends that the trial court abused its discretion by ordering restitution for losses that purportedly did not arise out of the criminal conduct for which he was convicted. The People respond the restitution order was a proper exercise of the trial court's discretion because defendant's "conduct was a substantial factor in causing Cal Fire's economic losses." (Capitalization omitted.)

We review the trial court's restitution order for abuse of discretion, and note that "a restitution order 'resting upon " 'a demonstrable error of law' " constitutes an abuse of the court's discretion.' " (*People v. Millard* (2009) 175 Cal.App.4th 7, 26.)

The California Constitution provides that all persons who suffer losses as a result of criminal activity shall have the right to seek and secure restitution from the persons convicted of the crimes causing the losses they suffer. (Cal. Const., art. I, § 28, subd. (b)(13).) Section 1202.4 implements the constitutional provision, providing in relevant part: "[I]n every case in which a victim has suffered economic loss *as a result of the defendant's conduct*, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims . . . ." (§ 1202.4, subd. (f), italics added.) Generally, for defendants who are sentenced to prison, direct victim restitution may be ordered only to the extent that the victim's loss was incurred *as a result of criminal activity for which defendant has been convicted*. For this proposition, defendant primarily relies on three cases, *People v. Woods* (2008) 161 Cal.App.4th 1045, 1050-1055 (*Woods*), *People v. Lai* (2006) 138 Cal.App.4th 1227, 1247-1249 (*Lai*), and *People v. Percelle* (2005) 126 Cal.App.4th 164, 179-181 (*Percelle*).

Here, defendant was sentenced to prison. The restitution amount covered losses resulting from the burglary of the Cal Fire facility. Defendant, points out he was not convicted of or even charged with the burglary of the Cal Fire facility; rather, he was

4

charged and convicted of knowingly receiving stolen property. According to defendant, based on *Woods, Lai* and *Percelle*, restitution cannot be ordered for items taken in the burglary since he was not convicted or even charged with the burglary. But defendant overlooks the procedural context in which restitution was ordered in those cases. None involved negotiated dispositions with a *Harvey* waiver. All involved convictions after a jury trial. (*Woods*, *supra*, 161 Cal.App.4th at p. 1048; *Lai*, *supra*, 138 Cal.App.4th at p. 1234; *Percelle*, *supra*, 126 Cal.App.4th at p. 168.)

But both parties overlook the *Harvey* waiver here.[4] The *Harvey* rule is based on the reasonable expectations of the parties to the bargain. (*People v. Franco* (1986) 181 Cal.App.3d 342, 349.) Here, defendant agreed that the sentencing judge could consider "*the entire factual background of the case*, including *any unfiled*, . . . charges . . . when . . . ordering restitution." (See fn. 3, *ante*, italics added.) Defendant's written *Harvey* waiver means what it says. A defendant who signs such a waiver agrees to allow the sentencing judge to consider unfiled charges. (See *People v. Snow* (2012) 205 Cal.App.4th 932, 937; *People v. Goulart* (1990) 224 Cal.App.3d 71, 80 ["A defendant who signs the typical waiver form agrees to allow the sentencing judge to consider his entire criminal history, *including any unfiled* or dismissed *charges*"].) And a court may make a valid restitution order under a *Harvey* waiver even when it imposes a prison sentence instead of granting probation. (See *People v. Beck* (1993) 17 Cal.App.4th 209 [defendant sentenced to prison and restitution ordered related to dismissed counts pursuant to a *Harvey* waiver as part of the plea bargain].) However, when there is a valid *Harvey* waiver, as here, and the defendant contests the allegations concerning the unfiled

---

[4] The People rely on *People v. Holmberg* (2011) 195 Cal.App.4th 1310, a case that did not involve a *Harvey* waiver. In *Holmberg*, the defendant pleaded no contest to single count of concealing stolen property and received a stipulated state prison sentence of two years, but no reference to a *Harvey* waiver is mentioned in the opinion.

charges, the prosecution has the burden of proving the allegations by a preponderance of the evidence. (*People v. Weatherton* (2015) 238 Cal.App.4th 676, 681, citing *People v. Bauman* (1985) 176 Cal.App.3d 67, 80.)

Here, the evidence at the restitution hearing established defendant's culpability for the burglary by a preponderance of the evidence. The evidence showed the fence surrounding the Cal Fire facility was cut in a way to allow a vehicle access. Tire tread marks next to the fence matched the tires on a truck owned by defendant's mother. Three dental lab invoices belonging to defendant's mother (who had an alibi) were found on the property. Defendant's mother told law enforcement defendant could have used her truck without her knowledge. Only six days after the burglary, property from the Cal Trans facility was found at defendant's mother's residence in a place near where he kept his property. This evidence established defendant's connection to the burglary by a preponderance of the evidence. In addition, the probation department obtained information that defendant had been engaged in bartering and selling some of the stolen property.

Defendant's plea bargain included a *Harvey* waiver for unfiled charges, allowing the trial court to consider such charges in ordering restitution. He got what he bargained for. The trial court did not abuse its discretion in ordering defendant to pay restitution to Cal Fire in the amount of $10,215.

## II. Senate Bill No. 136

Defendant's plea of no contest in this case was made in conjunction with no contest pleas in two other cases, CM 043269 and CM 042989. His plea in CM 043269 included a plea to a prison prior enhancement for a conviction of section 236, false imprisonment. The court ultimately imposed a one year prison sentence on the enhancement in CM 043269.

In supplemental briefing, defendant asks that we strike his one-year prior prison term enhancement in light of S.B. 136. Effective January 1, 2020, S.B. 136 eliminates

6

the section 667.5 one-year prior prison term enhancement for all prior convictions, except sexually violent offenses. (§ 667.5, subd. (b).) The People agree defendant is entitled to its ameliorative benefit.

We disagree. In this appeal, defendant appealed from the judgment in CM 043266. On the notice of appeal, he checked the box indicating he was going to challenge the restitution order, thus indicating a clear intention to appeal from only that part of the judgment. (Notice of Appeal 3/30/16) As to the sentencing on that case, he was sentenced to two eight-month prison sentences. The term for the prior prison term was imposed in CM 043269. He did not appeal from that case. And that case was final before S.B. 136 went into effect. Consequently, he is not entitled to the ameliorative benefit of that enactment. (See *People v. Vieira* (2005) 35 Cal.4th 264, 306 ["for the purpose of determining retroactive application of an amendment to a criminal statute, a judgment is not final until the time for petitioning for a writ of certiorari in the United States Supreme Court has passed"]; *In re Estrada* (1965) 63 Cal.2d 740, 748 [for a nonfinal conviction, "where the amendatory statute mitigates punishment and there is no saving clause, the rule is that the amendment will operate retroactively so that the lighter punishment is imposed"].)

We therefore decline to strike the one-year prior prison term.

## DISPOSITION

The restitution order is affirmed.

/s/
MURRAY, J.

We concur:

/s/
RAYE, P. J.

/s/
BLEASE, J.