Filed 1/29/21  P. v. Fields CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>BRITTANY NICOLE FIELDS,<br><br>    Defendant and Appellant. | F080454<br><br>(Super. Ct. No. BF176927A)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Judith K. Dulcich, Judge.

Lynette Gladd Moore, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Peña, Acting P.J., Smith, J. and Meehan, J.

Appointed counsel for defendant Brittany Nicole Fields asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of her right to file a supplemental brief within 30 days of the date of filing of the opening brief. Defendant did not respond. Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## BACKGROUND

Between April 9, 2019, and May 30, 2019, defendant committed seven armed robberies at various stores and restaurants in Bakersfield.[1]

On July 25, 2019, the Kern County District Attorney charged defendant with seven counts of robbery (Pen. Code, § 215.5, subd. (c);[2] counts 1–7). As to each count, the information further alleged that defendant personally used a firearm in the commission of the offenses (§ 12022.53, subd. (b)), had suffered a prior serious felony conviction (§ 667, subd. (a)), had suffered a prior "strike" conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), and had served a prior prison term (§ 667.5, subd. (b)).

On September 11, 2019, defendant pled no contest to two counts of robbery (counts 1 & 2) and admitted the prior serious felony allegation (§ 667, subd. (a)) in exchange for 15 years in prison and dismissal of the remaining counts with a *Harvey*[3] waiver.

On October 10, 2019, the trial court sentenced defendant to the agreed-upon term of 15 years in prison, as follows: on count 1, 10 years (five years, doubled pursuant to the Three Strikes law), plus a five-year prior serious felony enhancement; and on count 2,

---

[1]    The parties stipulated to a factual basis from the preliminary hearing transcript.

[2]    All statutory references are to the Penal Code.

[3]    *People v. Harvey* (1979) 25 Cal.3d 754 (*Harvey*).

10 years, to be served concurrently to the term in count 1. The court ordered that defendant pay restitution to the victims in counts 1 and 2, and also to the remaining victims of the dismissed counts.[4]

On December 13, 2019, defendant filed a notice of appeal.

After reviewing the record, we find no arguable error on appeal that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

---

[4] Section 1192.3, subdivision (b) states that "[i]f restitution is imposed which is attributable to a count dismissed pursuant to a plea bargain, … the court shall obtain a [*Harvey*] waiver … from the defendant as to the dismissed count." A *Harvey* waiver "allow[s] the sentencing judge to consider [the defendant's] entire criminal history, including any unfiled or dismissed charges." (*People v. Goulart* (1990) 224 Cal.App.3d 71, 80; *People v. Snow* (2012) 205 Cal.App.4th 932, 937.)

Defendant's plea form included the following *Harvey* waiver: "I understand that although some charges will be dismissed as a result of my plea of guilty or no contest, I agree that the sentencing judge may nevertheless consider the facts underlying the dismissed counts/cases, including determining any additional restitution that I may have to pay, in deciding the sentence in my case."