Filed 5/2/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re A.R., a Person Coming Under the Juvenile Court Law. | B312476 |
| _____ | (Los Angeles County Super. Ct. No. MJ23162) |
| THE PEOPLE, | |
|     Plaintiff and Respondent, | |
|     v. | |
| A.R., | |
|     Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Mario Barrera, Judge.  Affirmed.

Gerald Peters, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Heidi Salerno, Deputy Attorneys General, for Plaintiff and Respondent.

_____

On February 5, 2016, minor A.R. (appellant) admitted certain counts of four petitions filed against him for theft-related offenses committed in 2014 and 2015. The juvenile court found appellant was a person described by Welfare and Institutions Code section 602[1], declared him a ward of the court, and ordered him placed in the camp-community placement program for a period of seven to nine months, with a maximum confinement term of 24 years. Appellant continued to engage in theft-related offenses from 2016 to 2019. In February and April 2021, while appellant was still on probation for the offenses he admitted in 2016 and later, the juvenile court held a restitution hearing for five victims and, on April 13, 2021, awarded them all restitution.

Appellant appeals from the juvenile court's April 13, 2021 order awarding restitution. He contends the juvenile court lacked authority to hold a restitution hearing five years after his sentencing hearing, and the delay was prejudicial. He also claims parts of the restitution awards to two sets of victims were erroneous. We affirm the restitution order.

## BACKGROUND

On February 5, 2016, as part of a plea agreement, appellant admitted one count of residential burglary (Krishonda Newsome) as alleged in a petition filed May 12, 2015; one count of robbery (Pablo Garcia) as alleged in a petition filed July 28, 2015; and 12 counts of burglary as alleged in an amended petition filed February 3, 2016. The victims of these 12 burglaries were Ricky Bell, Rhina Hassan, Audrey Anderson, Maria Miranda, Tiffany Lee, Ramiro Gomez, Dorla Anderson,

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

2

Elba Duarte, Keven Stephens, Ana Evans, LaKeisha Render and Jorge Estelles.  The remaining counts were dismissed and appellant entered a *Harvey* waiver.[2]   As part of this agreement, appellant was placed in the Camp Community Placement program for seven to nine months and agreed to certain conditions of probation.

The minute order for February 5, 2016 contains a form list of the conditions of probation.  Condition No. 23 provides: "You must pay to the victim for any damages to him/her or his/her property that you or your companions caused by committing this crime.  The amount you owe, if any, will be determined by your Probation Officer, subject to court approval."  Condition No. 23 is checked.  A box at the bottom of the form states: "I have read and understand the above conditions of probation."  (Some capitalization omitted.)  Underneath this sentence, the form states: "MINOR:_____"  Appellant's name is written in cursive on this line.

On June 11, 2019, a petition was filed alleging appellant committed one count of robbery against victim Ines E.  The record on appeal does not directly show that appellant admitted the allegation of this petition or that the juvenile court found them true.  A September 16, 2019, minute order shows the June 11, 2019 petition was before the court for disposition.  The court ordered appellant to be placed in the Camp Community Placement Program for a seven-to-nine month term.  The court also ordered:  "All the previous terms and conditions of probation previously imposed remain in full force and effect with the following modifications: . . . #15A – Christina A., Ines E., and

---

[2]     *People v. Harvey* (1979) 25 Cal.3d 754.

Zachariah Schrader." Condition 15A is a no contact condition which lists the victims of appellant's offenses.

On February 22 and April 13, 2021, while appellant was still on probation, the juvenile court held a restitution hearing and awarded restitution to Elba Duarte, Gloria (and Ramiro) Gomez, Kevin Stephens, Krishonda Newsome and Ines Leon Villafana.

## DISCUSSION

A.  *The Juvenile Court Had Authority to Hold the Restitution Hearing.*

Appellant contends section 730.6 requires that a restitution order be made at the time of the sentencing hearing, unless the amount of the loss cannot be ascertained at the time of that hearing. He claims the amounts of the victims' losses could be ascertained at the time of the sentencing hearing through incident reports, and so the juvenile court lacked authority to enter a restitution hearing at a later date.

Section 730.6, subdivision (h)(1) provides in pertinent part: "If the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court at any time during the term of the commitment or probation."

Here, as part of his initial plea agreement to the petition involving four of the five victims who testified at the restitution hearing, appellant accepted certain probation conditions. One of those conditions was: "The amount you owe, if any, will be determined by your Probation Officer, subject to court approval." Thus, appellant agreed the amount of restitution could be determined at a future date by the probation officer. Although the record is somewhat ambiguous about the adjudication of the

4

later petition related to Ines E., the fifth victim at the restitution hearing, appellant does not provide a record cite showing that he contended at the restitution hearing that the allegation involving Ines E. had not been adjudicated or admitted, or that he argued she was not a proper person to receive restitution. Accordingly, he has forfeited any claim that she was not a proper person to receive restitution.[3]

Puzzlingly, neither party mentions the February 5, 2016 probation order and restitution condition in its briefing. We are aware of nothing in the language of the statute that prevents a juvenile from agreeing to a later determination of restitution. It appears to have been routine in 2016. The probation condition form in use at that time contains a condition permitting restitution to be determined by the probation officer, and uses the future tense, indicating the determination would be made in the future. The prosecutor represented at the 2021 restitution hearing that "It had been, at least commonplace, previously in juvenile court, that either because the parties could not agree, or for really any reason, that restitution would go per probation. When that occurs, of course, as we all know, the minor would admit certain counts, and enter a *Harvey* waiver as to other

---

[3]     We note the record for the petition involving Ines E., as set forth in the Background section of this opinion, provides a very strong indication that the allegation concerning Ines E. was found true or admitted. However, even in the absence of a true finding, admission, or plea agreement involving a *Harvey* waiver, it is well settled the court " 'may impose a victim restitution order as a condition of probation regardless of whether or not the defendant has been convicted of the underlying crime.' " (*People v. Snow* (2012) 205 Cal.App.4th 932, 940.)

counts. And then my understanding would be that the probation department would contact all of the victims."

Assuming for the sake of argument that the February 5, 2016 order did not constitute an agreement that the amount of restitution could be determined later or was invalid for some reason, we would find no merit to appellant's argument that section 730.6 prohibits a later restitution hearing.

Appellant relies on two cases which address a court's lack of jurisdiction to impose restitution after the end of an adult offender's probationary period. (*Hilton v. Superior Court* (2014) 239 Cal.App.4th 766, 775 ["a trial court loses jurisdiction to impose restitution once a probationary term has expired"]; accord *People v. Waters* (2015) 241 Cal.App.4th 822, 829 [agreeing with *Hilton* that a trial court's authority to modify the conditions of a defendant's probation, including the defendant's restitution obligations, is limited to the probationary period].) Assuming that the reasoning of *Hilton* and *Waters* applies to juvenile restitution orders,[4] appellant was still on probation when the restitution orders at issue were made. Thus, *Hilton* and *Waters* do not appear to be useful to appellant.

Appellant also relies on a brief reference to a "mandatory statutory framework" in *People v. Bufford* (2007) 146 Cal.App.4th 966, 971–972. The statutory framework in that case was Penal Code section 1202.4, which applies to adult offenders and so is part of an entirely different sentencing scheme. Even so, we do not believe that this phrase compels, as a jurisdictional

---

[4] Both cases involve former Penal Code section 1203.3, which applies to adult offenders given probation, and is part of an entirely different sentencing scheme than applies to juvenile offenders.

6

requirement, that restitution be determined at the sentencing hearing in adult cases.[5] Penal Code section 1202.4, subdivision (f) provides: "If the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court." The Court of Appeal in *Bufford* read Penal Code section 1202.4 broadly, holding: "The trial court read section 1202.4 to allow deferral of an order fixing the amount of restitution only when the amount cannot be economically determined, and not for other reasons. We do not read section 1202.4 so narrowly." (*Id.* at p. 971.) The Court of Appeal found the statutory language did not create "a limitation on the permissible reasons that may prevent fixing the amount of restitution." (*Ibid.*) *Bufford*, at a minimum, refutes appellant's argument that the amounts of loss in this case must be considered ascertainable as a matter of law because there were incident reports showing the loss amounts first claimed by the victims. Appellant has not met his burden of showing error on appeal, that is, of showing that there was no permissible reason to defer determination of the amount of restitution until after the sentencing hearing.

---

[5]     Although not determinative of our decision, we note that, in context, the reference to mandatory statutory framework most reasonably is understood as referring to the statute's mandate that "the court shall require that the defendant make restitution to the victim or victims" and "shall order full restitution unless it finds compelling and extraordinary reasons for not doing so, and states them on the record" (Pen. Code, §§ 1202.4, subd. (f), 730.6, subd. (h)(1)) as opposed to requiring strict procedures to follow for determining the amount of restitution.

B.    *Appellant Has Not Shown Prejudice Due to the Delay in Holding the Restitution Hearing.*

Appellant argues his right to due process was violated because the unjustified delay in holding the restitution hearing weakened his ability to prepare a defense. He contends the victims' memories were clearly affected by the passage of time because at the hearing they changed their earlier accounts of what was stolen and the value of the stolen items. He concludes their testimony was unreliable and therefore inadmissible.

Appellant relies on *People v. Nelson* (2008) 43 Cal.4th 1242, 1250 to support his due process argument. That case however, involved a claim that due process was violated by a delay in charging the defendant with murder. (*Ibid*.) Due process has a more limited application in restitution proceedings because a hearing to establish the amount of restitution does not require the formalities of other phases of a criminal prosecution. (*People v. Weatherton* (2015) 238 Cal.App.4th 676, 684.) Appellant has not cited any cases finding a violation of due process arising from a delayed restitution hearing.

Here, while some of the victims did provide testimony which differed from their earlier written accounts of stolen items, appellant had the opportunity to cross-examine the witnesses on all aspects of their testimony, including their memories. The juvenile court was in the best position to determine the credibility of the witnesses, including any express or implied claims that their memories were accurate. We see no basis to disturb those determinations.

C. *The Juvenile Court Did Not Err in Making the Gomez and Stephens Restitution Awards.*

Appellant contends that even if the witnesses' memories are accepted as reliable evidence of their losses, the juvenile court erred in the specific amounts ordered for the Gomez and Stephens awards.

### 1. Gomez Restitution

Appellant contends the juvenile court erred in awarding the Gomezes $600 to rebuild the transmission of their 1994 Honda Accord and $1,375 to rebuild its engine. In his opening brief, he argues the car was 21 years old and the evidence does not establish that the theft of his car caused inoperability or necessitated a completely rebuilt transmission or engine.

As respondent points out, Gloria Gomez testified the car was serviced regularly, was in good working order before it was stolen, and was not operable when it was recovered. The court found appellant drove the car away, and so it was in working order at the time he stole it. It is reasonable to infer from this timing that appellant's theft caused the damage to the Honda either directly or indirectly. It is not reasonable to infer that the Honda simply stopped working due solely to its age after the theft. There is substantial evidence to support the juvenile court's award.

### 2. Stephens Restitution

Appellant contends the juvenile court erred in awarding Stephens restitutions for two iPad minis when only one was taken. Stephens testified at the restitution hearing that one iPad touch ($199) and one iPad mini were stolen ($215). We do not

9

agree with appellant that Stephens was bound by the statement in the incident report that one iPad mini worth $400 was stolen.

Appellant also contends the juvenile court erred in awarding Stephens $405 for a Tec-9 pistol, because that firearm "[is] illegal in California and cannot be purchased in the State." As appellant's counsel acknowledged at the hearing, there was no evidence it was illegal to possess a Tec-9 in California, or more precisely that Stephens could not legally possess the gun.

Appellant further contends there is no evidence of the value of the Tec-9 because the juvenile court had to hypothesize that it could be sold in another state. He contends, incorrectly, that Stephens testified he did not know the value of the Tec-9. Stephens testified employees at three different gun shops told him the gun was worth about $900 to $1000. While it is true Stephens would have to travel outside California to sell the weapon, the court awarded only $405 for the Tec-9, and the difference would certainly cover any reduction in the value of the firearm due to the costs of travel.

## DISPOSITION

The juvenile court's order is affirmed.

## CERTIFIED FOR PUBLICATION


                                        STRATTON, Acting P. J.


We concur:



        WILEY, J.



        HARUTUNIAN, J.*

---

*        Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.