Filed 9/22/22  P. v. Achterberg CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALLEN WAYNE ACHTERBERG,<br><br>    Defendant and Appellant. | 2d Crim. No. B317880<br>(Super. Ct. No. 21CR01702)<br>(Santa Barbara County) |

Allen Wayne Achterberg appeals from the restitution order entered after he pleaded no contest to making criminal threats against Jane Doe (Pen. Code,[1] § 422, subd. (a)) and stalking her (§ 646.9, subd. (b)).  The trial court ordered him to serve three years of formal probation and pay $2,400 in restitution. Achterberg contends the restitution order should be vacated because prosecutors failed to show his criminal conduct caused Jane's losses.  We affirm.

---

[1] Statutory references are to the Penal Code.

FACTUAL AND PROCEDURAL HISTORY

Achterberg and Jane were in an abusive relationship for 14 years.  They had three children together.  In September 2021, Achterberg pleaded no contest to making criminal threats against Jane in March 2021 and to stalking her between December 2020 and March 2021.  In exchange for his plea, Achterberg agreed to serve three years of formal probation with domestic violence terms (including a 10-year protective order) and pay restitution.

The probation report submitted before the restitution hearing disclosed that Achterberg destroyed some of Jane's property while the two shared an apartment and refused to let Jane retrieve other items after she moved out.  Jane requested $2,400 in restitution for property that was damaged, destroyed, or withheld; dog shelter fines incurred; and to cover her half of the deposit on the apartment she rented with Achterberg.

At the restitution hearing, Achterberg objected that Jane's request included losses incurred before the offenses to which he had pleaded occurred.  The prosecutor clarified that Jane requested restitution "for items that were either broken [or] stolen, or expenses that were incurred" between December 2020 and March 2021.  Achterberg then objected that the items for which Jane requested restitution were unrelated to his underlying offenses since she had left them behind when she moved out of the apartment.  He also objected to paying restitution for the deposit on their apartment since Jane did not remove her name from the lease and was not named in eviction proceedings.

The prosecutor responded that Achterberg continuously threatened and stalked Jane.  She could not retrieve her property from the apartment without fear of contact with Achterberg.

2

Additionally, Jane was negatively affected by the eviction proceedings because her name remained on the lease.

The trial court determined that Jane's restitution request was proper under section 1202.4. It ordered Achterberg to pay the $2,400 requested.

## DISCUSSION

Achterberg contends the $2,400 restitution order should be vacated because he did not cause Jane's losses. We disagree.

Victims of crimes have a constitutional right to restitution. (Cal. Const., art. I, § 28, subd. (b), par. (13).) Such restitution may be ordered as a condition of probation. (*People v. Snow* (2012) 205 Cal.App.4th 932, 939 (*Snow*); see § 1203.1, subd. (j).) When so ordered, the amount of restitution is not limited to losses due to crimes for which the defendant was convicted but may also include losses "caused by related conduct not resulting in a conviction." (*Snow*, at p. 939.) This includes losses attributable to "conduct of which a defendant has been acquitted [citation], uncharged conduct, and conduct for which the statute of limitations has run [citation]." (*Id.* at pp. 939-940.)

We review a restitution order for abuse of discretion. (*Snow*, *supra*, 205 Cal.App.4th at p. 940.) We will find no abuse so long as """"there is a factual and rational basis for the amount of restitution ordered by the trial court. [Citations.]"""" (*People v. Moore* (2009) 177 Cal.App.4th 1229, 1231.) Such a basis exists if the restitution ordered is "reasonably . . . related either to the crime of which defendant [was] convicted or to the goal of deterring future criminality." (*Snow*, at p. 940, italics omitted.)

*Snow*, *supra*, 205 Cal.App.4th 932 is instructive. The *Snow* defendant pleaded no contest to false imprisonment and was placed on probation. (*Id.* at p. 934.) As a condition of probation,

the trial court ordered the defendant to pay restitution, including $420 for dental expenses the victim incurred after a prior, uncharged assault. (*Id.* at pp. 936, 940.) The defendant challenged the restitution order to the extent it required him to pay the dental expenses. (*Id.* at p. 934.) Our colleagues in the Third District rejected the challenge, noting that the defendant's prior assault was both "reasonably" and "directly" related to his false imprisonment conviction. (*Id.* at p. 940.) The restitution order also "serve[d] the goal of deterring future assaultive conduct." (*Ibid.*)

So too here. Jane endured abuse from Achterberg throughout their 14-year-long relationship. He threatened to slit her throat and told her that "someone [was] going to die." Such abusive behavior was reasonably and directly related to the crimes to which Achterberg pleaded no contest and was placed on probation with domestic violence terms. (Compare, e.g., § 422 [offense of criminal threats requires victim to fear for their own safety] with *Snow*, *supra*, 205 Cal.App.4th at p. 940 [domestic violence affects victim's state of mind and results in ongoing fear and intimidation].) It was thus proper for the trial court to order restitution for the items damaged or destroyed during Achterberg's abuse. It was also proper for the court to order restitution to deter his future criminality. (*Snow*, at p. 940.) There was no abuse of discretion.

DISPOSITION

The trial court's restitution order, entered January 24, 2022, is affirmed.

NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:


GILBERT, P. J.


YEGAN, J.

5

John F. McGregor, Judge

Superior Court County of Santa Barbara

_____

Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Peggy Z. Huang, Deputy Attorneys General, for Plaintiff and Respondent.